## SAMUEL WOOD *vs.* CYRUS LELAND & others.

A surety's cause of action against a co-surety or his representatives, for contribution accrues when, and not before, he pays the debt of the principal.

One of two sureties, who has paid the debt of the principal, and files a bill in equity, for contribution, against the heirs of his co-surety, and causes all of them, who are within the reach of process, to be summoned, is entitled, by the Rev. Sts. *c.* 70, to a decree against them severally for such equal sums as amount, in the aggregate, to a moiety of what he has thus paid, though there are other heirs who are not summoned.

If one of such heirs, thus summoned, die pending the suit, his administrator is to be summoned in, and the same decree will be passed against him, that would have been passed against his intestate.

THIS was a bill in equity, filed by a surety who had paid the debt of his principal, to compel contribution by the heirs at law of his co-surety. The facts, as collected from the bill and answer, and the points discussed by counsel, sufficiently appear in the opinion given by the chief justice.

*Newton,* for the plaintiff.

*Washburn,* for the defendants.

SHAW, C. J. In this suit, the plaintiff claims a contribution against the defendants, as heirs at law or devisees of their father, Cyrus Leland, deceased. It is agreed, as a fact in the case, that the defendants received, respectively, about $ 900 each, of their father's estate, and more than enough to answer the plaintiff's demand, on either of the principles of computation suggested by the parties. The plaintiff and the defendants' ancestor were both sureties, on bonds given by one Harrington in 1819, upon his appointment as guardian of Catharine Kimball and Oliver Kimball, minors. It appears that Cyrus Leland, the defendants' ancestor and the plaintiff's co-surety, died in September, 1830 ; administration was taken on his estate in November, 1830, and of course was closed four years after, in November, 1834, which was before any breach happened upon the guardianship bond. Of course, no action could be brought upon the bond against the administrator, and therefore by the provisions of the Rev. Sts. *c.* 70, § 13, the heirs or devisees and legatees of the estate, to the amount of the assets thus re-

ceived, and under certain limitations, were liable for the debt By § 14 of the same chapter, no suit shall be thus maintained, unless commenced within one year after the time, when the right of action shall first accrue.

The first question arises upon this limitation. It appears that Catharine Kimball, one of said minors, came of age, and intermarried with one Henry T. Grout ; that some ineffectual efforts were made to obtain a settlement of the guardian, after which he was regularly cited into the probate court, and settled his account, exhibiting a large balance of the property of the ward in his hands in January, 1837. On the same day, a demand was duly made on the guardian for that balance, who neglected paying it. Here was undoubtedly a breach of the bond, on which the party in interest had a right of action against the plaintiff as surviving surety, and against the heirs, devisees and legatees of the deceased surety, as well as against the principal. The plaintiff in fact was not compelled to pay, and did not pay the amount of such balance, until November, 1838, which was more than one year after the breach of the condition of the bond. Now the defendants contend that as they could not be held responsible to the obligee for such breach of the bond, after one year, so they would not be held liable for a contribution to a surety, after that time. But the court are of opinion, that the statute of limitations cannot be so applied. It may well be admitted, that the statute of limitations would be a good bar to an action by the obligee against the heirs and legatees ; but the right of action by the surety for contribution does not accrue at the breach of the bond, but upon his payment of the money, pursuant to that breach. The suit against *him* is not barred in one year. Besides, such suit may be brought within the year, but not come to judgment till long after the year ; and he cannot be compelled to pay, until judgment is recovered, although he may pay sooner on demand, after a breach, if he choose to do so. But his right of action for contribution, arises when he does pay, and not before. Notwithstanding a breach, the debt may be paid by the principal, or relinquished, or compromised, and the surety never compelled to

pay. If so, he never has a cause of action against the co-surety or his representatives. The right of action grows out of the original implied agreement, arising out of there being co-sureties, that if one shall be compelled to pay the whole or a disproportionate part of the debt, for which both thus collaterally and provisionally stipulate to be liable, the other will pay such a sum, as will make the common burden equal; and in case of the death of either, this obligation devolves upon his legal representatives. This suit being brought within one year from the time of the payment of the money by the plaintiff, is not, we think, barred by the statute of limitations.

Another question is, for what sums the defendants, who have been served with process, shall each be liable. The estate was divided amongst nine children, six of whom were within the reach of the process of the Commonwealth, and were duly summoned; one of whom has died pending the suit. The plaintiff claims to recover the whole, from those who are summoned, without regard to the three absent parties; but the defendants insist that if liable at all, it is only for an aliquot part, of *one ninth* each. We think this question is answered by the Rev. Sts. already cited, *c.* 70, § 16. " In case there be more than one person liable for the debt, the creditor may recover the same in a bill in equity against all the persons so liable, or as many of them as are within reach of process." This seems conclusive for the plaintiff. By other provisions, those who pay more than their shares of such common debt may have their remedy over against those equally liable; but it is sufficient for the plaintiff, that he has now summoned all those who are within the reach of process, and that those whom he has summoned have assets, by descent or by will, to pay him.

In the case of the one who deceased pending the suit, we think the administrator ought to be summoned in, there being an express provision, Rev. Sts. *c.* 70, § 15, that in such case the executors and administrators of such heir or devisee, shall be held liable therefor as for his proper debt.

After such administrator shall have been summoned in, the plaintiff will be entitled to a decree, that the several defendants

33 *

pay him each one sixth of a moiety of the two sums paid by
him, as such surety, with interest from the time of payment to
the time of the decree, with costs.